WILSON v. WILSON.

(Supreme Court, Appellate Division, First Department. June 12, 1908.)

EQUITY—CROSS-BILL—AFFIRMATIVE RELIEF.

> Defendant in a suit to restrain a sale of personal property was not entitled to an affirmative judgment against plaintiff where no demand for affirmative relief was made in the answer.
>
> [Ed. Note.—For cases in point, see Cent. Dig. vol. 19, Equity, §§ 1005–1008.]

Appeal from Special Term.

Suit by Eugene F. Wilson against Carolyn Wilson. From a judgment for defendant, and from an order denying plaintiff's motion for a new trial, he appeals. Modified and affirmed.

The parties to the suit were husband and wife, and the action in form was brought to enjoin the defendant from incumbering, transferring, or disposing of certain personal property, to wit, furniture and furnishings in premises known as 251 West Forty-Fifth street, where the parties had been residing and where defendant was carrying on a boarding house. The real purpose of the action, however, was to set aside a bill of sale of the furniture executed in March, 1904, by which one Catherine A. Levvy, in consideration of $3,000, sold the furniture to defendant; plaintiff claiming that the defendant took the title in her name in fraud of his rights. The trial court found, as a matter of fact, that the furniture was purchased by defendant without any fraud or deceit perpetrated on the seller, Catherine A. Levvy, or on the plaintiff.

The court, in addition to dismissing the complaint on its merits, adjudged that defendant was the owner of the property covered by the bill of sale, and directed that plaintiff return the same to her, or its value, with interest from the time plaintiff took possession.

Argued before INGRAHAM, McLAUGHLIN, HOUGHTON, CLARKE, and SCOTT, JJ.

Mark M. Schlesinger, for appellant.
David Gerber, for respondent.

PER CURIAM. The defendant having set up in the answer no demand for affirmative relief, the court was without justification in awarding her an affirmative judgment against the plaintiff. For that reason the second clause of the judgment must be stricken out, leaving it to stand as one dismissing the complaint on the merits with costs.

As so modified, the judgment is affirmed, without costs in this court.